IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-02130-BNB

MICHELLE L. STEINER,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

Defendant.

## ORDER

This matter arises on the plaintiff's **Motion for Award of Attorneys' Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412** [Doc. #28, filed 11/03/2014] (the "Motion"). The Motion is GRANTED, and the plaintiff is awarded attorneys' fees and costs in the amount of $6,556.01.

## BACKGROUND

In October 2009, the plaintiff filed for Disability Insurance Benefits under Title II, sections 216(i) and 223(d) of the Social Security Act, 42 U.S.C. §§ 416(i) and 223(d), and Supplemental Security Income Benefits under Title XVI, section 1614(a)(3)(A), 42 U.S.C. § 1382c(a)(3)(A), stating that she had become disabled beginning December 22, 2006. *Social Security Administrative Record* [Doc. #11] (the "Record"), p. 13.[1] Her applications were denied on March 19, 2010. Id. at pp. 58-59. The plaintiff requested a hearing before an Administrative

---

[1] I refer to the official page numbers of the Record which are found on the lower right-hand corner of each page, not to the page numbers that are assigned by the court's docketing system.

Law Judge ("ALJ"). Id. at pp. 89-90. The hearing was held on September 7, 2011. Id. at pp. 29-57. On October 24, 2011, the ALJ issued a written decision finding that the plaintiff was disabled as of May 28, 2011. The plaintiff requested a review of the ALJ's decision by the Appeals Council. Id. at pp. 6-8. The Appeals Council denied the plaintiff's request for review. Id. at pp. 1-5. Pursuant to 42 U.S.C. § 405(g), the plaintiff sought judicial review on August 9, 2013 [Doc. #3]. On August 6, 2014, I reversed the ALJ's decision and remanded the case for reconsideration consistent with the court's findings and conclusions. *Order* [Doc. #26]. The plaintiff seeks an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").

## THE LAW

Section 2412 provides that "a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." Id. at § 2412(d)(1)(B).

The United States bears the burden of establishing that its litigation position was substantially justified. Weakley v. Bowen, 803 F.2d 575, 577 (10th Cir. 1986). "The standard under which substantial justification is scrutinized, articulated in EAJA's legislative history and uniformly cited by most courts addressing the issue (including this court), is that of

reasonableness in both law and fact." Id. (internal quotations and citations omitted). "In other words, the government's position must be justified in substance or in the main--that is, justified to a degree that could satisfy a reasonable person." Gatson v. Bowen, 854 F.2d 379, 380 (10th Cir. 1988) (internal quotations and citations omitted). "[T]he reasonableness test breaks down into three parts: the government must show that there is a reasonable basis . . . for the facts alleged . . .; that there exists a reasonable basis in law for the theory it propounds; and that the facts alleged will reasonably support the legal theory advanced." Id. (internal quotations and citations omitted).[2]

A person is disabled within the meaning of the Social Security Act only if her physical and mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. See Kelley v. Chater, 62 F.3d 335, 338 (10th Cir. 1995). The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

---

[2]The substantial justification standard under the EAJA is not synonymous with the substantial evidence standard under the Social Security Act. Hadden v. Bowen, 851 F.2d 1266, 1269 (10th Cir. 1988).

    2.   The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

    3.   The ALJ must then determine if the impairment meets or medically equals in severity certain impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1.

    4.   If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform his past work despite any limitations.

    5.   If the claimant does not have the RFC to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and RFC.

20 C.F.R. §§ 404.1520(a)-(f). See also Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988).

    The claimant has the initial burden of establishing a disability in the first four steps of this analysis. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. Id. A finding that the claimant is disabled or not at any point in the five-step review is conclusive and terminates the analysis. Casias v. Secretary of Health & Human Services, 933 F.2d 799, 801 (10th Cir. 1991).

**ANALYSIS**

The ALJ found in part that prior to May 28, 2011 (the date the ALJ determined that the plaintiff became disabled), the plaintiff had the RFC to perform unskilled work with a specific vocational preparation ("SVP") level of one or two, with minimal direct public contact, lifting and/or carrying 10 pounds frequently and 20 pounds occasionally up to 1/3 of an eight hour work day, standing and/or walking for a total of six hours in an eight hour work day with normal breaks, sitting for a total of six hours in an eight hour work day with normal breaks, performing pushing and pulling motions with upper and lower extremities within the aforementioned weight restrictions, occasional stooping or kneeling, and occasional climbing of ropes, ladders, or scaffolds; prior to May 28, 2011, jobs existed in significant numbers in the national economy that the plaintiff could have performed; and the plaintiff was not disabled prior to May 28, 2011. *Record*, pp. 13-28.

The plaintiff argued that the ALJ's RFC finding for the time period before May 28, 2011, is not supported by any evidence. Specifically, she argued that the ALJ rejected every medical opinion and the plaintiff's testimony as they relate to the time period before May 28, 2011, and substituted her own judgment. The plaintiff also argued that "it certainly appears that the ALJ might have actually adopted the SDM's[3] physical restrictions." *Plaintiff's Opening Brief* [Doc.#14], pp. 14-33.

---

[3] An SDM is a "single decision maker." An SDM is not a medical professional, and the ALJ may not accord the opinion of an SDM any weight. Lopez v. Astrue, 805 F.Supp.2d 1081, 1092 (D.Colo. 2011).

RFC is an assessment of the claimant's ability "to do sustained work-related physical and mental activities in a work setting" for eight hours a day, five days a week, or the equivalent thereof. Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 at *2. "The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." Id. at *1.

The RFC must address the individual's exertional capacity (limitations and restrictions of physical strength) and nonexertional capacity (limitations and restrictions that do not depend on physical strength). Id. at *5. The exertional functions that must be addressed are sitting, standing, walking, lifting, carrying, pushing, and pulling. Id. Each function must be considered separately. Id. It is necessary to assess the claimant's capacity to perform each of these functions in order to decide which exertional level is appropriate (sedentary, light, medium, heavy, or very heavy) and whether the individual is capable of doing the full range of work contemplated by the exertional level. Id. at *3. Therefore, an RFC assessment must identify the functional limitations and restrictions and assess the work-related abilities on a function-by-function basis before the RFC is expressed in terms of exertional levels of work. Id.

When assessing an RFC for an individual with mental impairments, the ALJ should consider the individual's ability to "understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting. Id. at *6. An RFC assessment of mental limitations and restrictions "must be expressed in terms of work-related functions." Id.

Importantly:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

Id. at *7.

The Commissioner argued that the ALJ's RFC assessment was sufficient. *Defendant's Response Brief*, pp. 10-18. However, the ALJ did not provide any discussion regarding the plaintiff's ability to sit; lift and/or carry weight; stand and/or walk; perform pushing and pulling motions; stoop; kneel; climb; understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting. Instead, the ALJ summarily found that prior to May 28, 2011 (the date the ALJ found that the plaintiff became disabled), the plaintiff had the RFC to perform unskilled work with a specific vocational preparation ("SVP") level of one or two, with minimal direct public contact; lifting and/or carrying 10 pounds frequently and 20 pounds occasionally up to 1/3 of an eight hour workday; standing and/or walking for a total of six hours in an eight hour workday with normal breaks; sitting for a total of six hours in an eight hour workday with normal breaks; performing pushing and pulling motions with upper and lower extremities within the aforementioned weight restrictions; occasional stooping or kneeling; and occasional climbing of ropes, ladders, or scaffolds. *Record*, p. 17.

In my order reversing and remanding the case to the Commissioner, I stated:

> The record contains several opinions regarding the plaintiff's exertional and nonexertional capacities. On March 19, 2010, an SDM completed forms which include assessments of the plaintiff's RFC. Id. at pp. 66-67, 76-77. The SDM found that the plaintiff was capable of lifting and/or carrying 10 pounds frequently (cumulatively more than 1/3 up to 2/3 of an eight hour workday) and 20 pounds occasionally (cumulatively 1/3 or less of an eight hour workday); standing and/or walking for a total of more than six hours on a sustained basis in an eight hour workday with normal breaks; sitting for more than six hours on a sustained basis in an eight hour workday; pushing and/or pulling for an unlimited period other than shown for the lifting and/or carrying restrictions; occasional stooping or kneeling; and occasional climbing of ropes, ladders, or scaffolds. Id.
>
> Dr. Tyler saw the plaintiff several times from January 2011 through April 2011. On July 5, 2011, he completed a form in which he opined that due to the combination of bipolar disorder, irritable bowel syndrome, fibromyalgia, and polyarthropathy, the plaintiff is capable of lifting no more than 15 pounds up to 1/3 of an eight hour workday; sitting one hour at a time up to four hours during an eight hour workday; standing/walking 15 minutes at a time up to one and one-half hours during an eight hour workday; never crawling; rarely stooping or squatting; and seldom kneeling. Dr. Tyler stated that the plaintiff could be expected to miss work approximately 20 days per month, and that she had these limitations since July 2007. *Record*, pp. 595-96.
>
> Additionally, the ALJ stated that on May 28, 2011, the plaintiff began regular weekly counseling with Kathy J. Kunce, L.C.S.W., for major depression. Id. at p. 25. In July 2011, Ms. Kunce opined that since 2003, the plaintiff has had marked or extreme limitations of virtually all mental abilities required to sustain work, including the ability to understand, carry out, and remember instructions; make simple work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting. Id. at pp. 588-90.
>
> The ALJ also reviewed records from Dr. Nizami, who treated the plaintiff for depression from 2005 through 2010. On August 24, 2011, Dr. Nizami completed a form which indicates that the plaintiff has marked or extreme limitations on every ability

8

> required to meet the mental demands of work and that the
> limitations have existed at this level since 2000. Id. at pp. 26, 627-
> 29.
>
> The ALJ stated that she gave no weight to the opinion of the SDM.
> Further, she rejected the opinions of Dr. Tyler, Ms. Kunce, and Dr.
> Nizami insofar as they pertained to the period prior to May 28,
> 2011, on the basis that they are inconsistent with the medical
> evidence. Id. at pp. 25-26. However, the ALJ did not provide any
> discussion regarding how she arrived at the plaintiff's RFC
> determination. She failed to separately consider each work-related
> function; provide a narrative discussion describing how the
> evidence supports her findings as to each function; and explain
> how material inconsistencies or ambiguities in the evidence were
> considered and resolved with respect to her RFC findings.
> Therefore, the RFC finding fails to comply with SSR 96-8p.
> Social Security rulings are binding on an ALJ. Nielson v.
> Sullivan, 992 F.2d 1118, 1120, 1121–22 (10th Cir. 1993).

*Order issued August 6, 2014*, [Doc. #26], pp. 9-11.

On the record before me, it was unreasonable for the Commissioner to argue that the ALJ's RFC assessment was sufficient, and the Commissioner has failed to establish that her litigation position was substantially justified. Therefore, the plaintiff is entitled to attorneys' fees under the EAJA. The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

The plaintiff requests an award in the total amount of $6,556.01, calculated at the rate of $186.25 per hour for 35.2 hours of work on this case. This sum is calculated based on the Consumer Price Index for this area which shows a 44.62 percent increase in the cost of living since the EAJA's maximum hourly attorney fee was set at $125 per hour on March 29, 1996. The defendant does not dispute the expenses, hours billed, or hourly rate, and they do not appear


unreasonable. Accordingly, the plaintiff is entitled to an award of attorneys' fees in the amount of $6,556.01.

IT IS ORDERED:

1. The plaintiff's Motion for Award of Attorneys' Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [Doc. #28] is GRANTED; and

2. The plaintiff is awarded attorneys' fees in the amount of $6,556.01.

Dated January 27, 2015.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge